NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORVILLE W.J. LAYTON, | No. 16-70081 |
| Petitioner, | MSPB No. SF-1221-14-0805-W-1 |
| v. | |
| UNITED STATES AIR FORCE, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Merit Systems Protection Board

Submitted August 17, 2017[**]
Anchorage, Alaska

Before:  GRABER, CLIFTON, and M. SMITH, Circuit Judges.

Petitioner Orville Layton challenges the decision by the Merit Systems

Protection Board (MSPB, or the Board) affirming an administrative judge's (AJ)

denial of Petitioner's complaint filed pursuant to the Whistleblower Protection Act

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
[**] The panel unanimously concludes that this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 1989 (WPA), as well as the Board's affirmance of two prehearing rulings made by the AJ. The Board ruled that Petitioner had made out a *prima facie* case of whistleblower retaliation, but that Respondent had carried its burden of establishing by clear and convincing evidence that it would have taken the relevant personnel actions—specifically, reassignment to administrative law duties and the issuance of a formal written reprimand—against Petitioner even absent his protected disclosures. In regard to the AJ's prehearing rulings, the Board held that the AJ did not abuse his discretion either by denying Petitioner's motion to compel discovery as untimely, or by rejecting Petitioner's additional witnesses on the basis that Petitioner failed to comply with the AJ's order regarding the consideration of additional witnesses.

We will set aside the MSPB's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Applying that standard, we affirm.

The Board analyzed Respondent's action against Petitioner using the three factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir.

2

1999): (1) "the strength of the agency's evidence in support of its personnel action," (2) "the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision," and (3) "any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." *Id*. at 1323.

Regarding the first factor, Respondent presented evidence that it (1) reassigned Petitioner in response to his own demand that something be done to alleviate his hostile work conditions, and (2) issued him a formal reprimand as a consequence of his failure to follow express orders. The Board accepted those explanations for Respondent's actions, which Respondent supported with witness testimony, email documentation, memoranda, and Petitioner's own written account of a hostile work environment. We recognize that, when applying the first *Carr* factor, "[i]f considerable countervailing evidence is manifestly ignored or disregarded in finding a matter clearly and convincingly proven, the decision must be vacated and remanded for further consideration where all the pertinent evidence is weighed." *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). The Board did not, however, ignore or disregard considerable countervailing evidence in this case.

3

Turning to the second *Carr* factor, the Board found that Petitioner's direct supervisor, John Whittington, made the decision both to reassign Petitioner and to issue the reprimand, and that Whittington lacked any motive to retaliate against Petitioner. Petitioner points to evidence that *other* employees had motive to retaliate against him as a result of his protected disclosures. The Board acknowledged this evidence, but found it inapposite in light of Whittington's sole responsibility for decisions regarding Petitioner's employment, and those other employees' lack of influence or authority over Whittington. Substantial evidence supported the Board's finding that Whittington was not implicated in any manner by Petitioner's disclosures.

Finally, the record contained no evidence regarding the third *Carr* factor—whether Respondent has taken similar personnel action against similarly situated employees who are not whistleblowers—and that factor accordingly played no role in the Board's analysis. "*Carr* does not impose an affirmative burden on the agency to produce evidence with respect to each and every one of the three *Carr* factors to weigh them each individually in the agency's favor." *Miller v. Dep't of Justice*, 842 F.3d 1252, 1257 (Fed. Cir. 2016) (quoting *Whitmore*, 680 F.3d at 1374). Rather, the Board may review the record as a whole, treating the *Carr* factors merely as

4

"appropriate and pertinent considerations for determining whether the agency carries its burden of proving by clear and convincing evidence that the same action would have been taken absent the whistleblowing." *Id*. Petitioner speculates on appeal that other similarly situated employees must exist and that Respondent's failure to produce evidence regarding those comparators requires a finding in his favor. Absent any evidence regarding such comparators, however, the Board did not err in declining to weigh the third *Carr* factor in its analysis.

In addition to his challenge to the merits of the Board's determination, Petitioner challenges two pre-hearing orders by the AJ: an order denying Petitioner's motion to compel discovery as untimely, and an order precluding Petitioner from offering additional witness testimony. Petitioner's motion to compel was filed outside the timeframe set by 5 C.F.R. § 1201.73(d) and by order of the AJ. In light of Petitioner's late submission and his failure to seek an extension or to show good cause for his untimeliness, the AJ did not abuse his discretion by denying Petitioner's motion as untimely. *See Fellhoelter v. Dep't of Agric.*, 568 F.3d 965, 977 (Fed. Cir. 2009).

As to the AJ's rejection of Petitioner's additional witness testimony, "the admissibility of evidence is within the sound discretion of the Board." *Langer v.*

5

*Dep't of Treasury*, 265 F.3d 1259, 1265 (Fed. Cir. 2001).  The AJ granted Petitioner leave to offer testimony from previously denied witnesses, conditioned upon Petitioner's submission of "a more detailed proffer of their relevance and a statement indicating that [Petitioner] discussed and/or attempted to discuss the anticipated testimony with the requested witness."  Petitioner failed to provide the required attestation that he had conferred with his proposed witnesses.  Absent this reasonably requested assurance that the witness testimony would indeed be relevant, the AJ did not abuse his discretion by denying Petitioner's request to offer additional testimony.  *See Whitmore*, 680 F.3d at 1369.

AFFIRMED.